IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:17-CR-469-M (BT) |
| | § | |
| DEMARCUS RAKESTRAW, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Demarcus Rakestraw filed a *pro se* motion for compassionate release from the Dallas County Jail to home confinement under the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018). He seeks release to home confinement because of his concern that he may be exposed to COVID-19 while in the Dallas County Jail. For the reasons stated, the Court should deny the motion.

I. Background

Rakestraw has been in jail since August 17, 2017. On August 7, 2019, he pleaded guilty in this case to two federal felony offenses: possession of a controlled substance with intent to distribute and being a felon in possession of a firearm. On January 28, 2020, the District Court sentenced him to a total of 135 months' confinement. Rakestraw is currently awaiting trial on several pending state felony charges, including murder (cause number F-1730784), unlawful possession of a firearm (cause number F-1731067), manufacture or delivery of a controlled substance (cause number F-1731069), and fleeing a police officer (cause number

1

MB-1618386). His bond on these charges is set at more than $1.5 million. (*See* www.dallascounty.org criminal records) (showing his bond amount on the murder charge is $1,000,000, while his bond amount on each of the unlawful possession of a firearm charge and the drug charge is $250,000, and his bond amount on the fleeing a police officer charge is $500). Although he does not allege that he can post bond, he claims the federal conviction in this case has prevented his release from the Dallas County Jail amidst the COVID-19 pandemic.

## II. Legal Standards and Analysis

Rakestraw seeks compassionate release from confinement under the FSA "[d]ue to the coronavirus rapidly spreading in prisons and jails." Mot. 1. He generally alleges that he is "a middle age man with certain health conditions that I suffer from" and he "may not recover from the deadly virus," if he contracts it. *Id.* 1-2.

The FSA amended 18 U.S.C. § 3582(c)(1)(A) to allow district courts to modify sentences of imprisonment upon motion of the Director of the Bureau of Prisons (BOP) or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[1] Upon an appropriate motion, a court may modify a

---

[1] Prior to the enactment of the FSA, a district court could only consider a motion for reduction of sentence that was filed by the Director of the BOP.

2

defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

The policy statement regarding a reduction in sentence under 18 U.S.C § 3582(c)(1)(A) sets forth several circumstances that are considered "extraordinary and compelling reasons," including "medical condition of the defendant," "age of the defendant," and "family circumstances." U.S. Sentencing Guidelines, § 1B1.13(1)(A)-(C) & cmt. n.1. There is also a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the other reasons described. Id. § 1B1.13 cmt. 1. The policy statement further requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

1. <u>Rakestraw's motion should be denied because he failed to exhaust his administrative remedies</u>.

The FSA requires a defendant to fully exhaust all his administrative remedies before he can bring a motion under 18 U.S.C. § 3582(c)(1)(A). Here, Rakestraw has not alleged that he exhausted his administrative remedies. His claim for compassionate release should therefore be denied. *See United States v. Raia*, ––– F.3d –––, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (concluding that failure to exhaust administrative remedies for request for compassionate release based on COVID-19 pandemic presented "a glaring roadblock foreclosing compassionate release at this point" and that "strict compliance with §

3

3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *see also U.S. v. Reeves*, 2020 WL 1816496 (W.D. La. Apr. 9, 2020) (denying motion for sentence modification under § 3582(c)(1)(A) brought on the basis of the risk posed by COVID-19 on the ground that the defendant failed to exhaust administrative remedies); *U.S. v. Johnson*, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (same); *U.S. v. Clark*, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (same); *U.S. v. Zywotko*, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) (same); *U.S. v. Garza*, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *U.S. v. Eberhart*, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020) (same); *U.S. v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *U.S. v. Gileno*, 2020 WL 1307108 (D. Conn. Mar. 19, 2020)(same).

In the midst of the COVID-19 pandemic, some courts have held that the FSA's exhaustion requirement can be waived if the defendant presents "unique circumstances" or "unusual factors" that weigh in favor of release, including facts concerning the defendant's medical condition, age, and length of remaining sentence. *See, e.g.*, *U.S. v. Zukerman*, 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion where defendant—who is 75 years old and suffers from diabetes, hypertension and obesity—established that enforcing the requirement carried "real risk of inflicting severe and irreparable harm to his health"); *U.S v. Perez*, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (finding waiver of exhaustion requirement was justified where defendant established that he was at

risk of experiencing serious complications from COVID-19 due to medical complications arising from two vicious beatings while he was incarcerated; his three-year sentence was scheduled to end within days; and the government did not object on the merits to his release). But here, the Court need not reach the question of whether exhaustion can be waived because Rakestraw fails to allege any facts to establish any unique circumstances or unusual factors that could excuse his failure to exhaust.

2. <u>Rakestraw's motion should be denied because he is not entitled to an order transferring him to home confinement</u>.

To the extent Rakestraw requests an order that he be transferred to home confinement, the motion is without merit. The First Step Act does not provide the court authority to modify a Defendant's place of incarceration. *See United States v. Urso*, 2019 WL 5423431 at *1 (E.D.N.Y. Oct. 23, 2019) (stating "although [the First Step Act under] 28 U.S.C. § 3582(c)(1)(B) authorizes the court to modify a *term* of imprisonment, it does not authorize the court to alter the method of incarceration.") (citing cases). It therefore remains within the BOP's discretion to determine a defendant's place of confinement. *See Garza*, 2020 WL 1485782, at *1 (holding that district court lacks the authority to designate home confinement because BOP alone has the statutory authority to choose the location where prisoners serve their sentences); *U.S. v. Curry*, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have

5

authority to grant the requested relief."); *Austin v. Woods*, 2019 WL 2417654 *4 (M.D. Ala. May 17, 2019) ("The FSA does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant restrictions for such placement; instead, it merely provides the BOP with discretion to do so."). Rakestraw's motion for an order transferring him to home confinement should be denied.

## III.

Rakestraw's motion should be denied.

Signed April 14, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).