IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:17-cr-469-M (BT) |
| | § | |
| DEMARCUS RAKESTRAW, | § | |
| Defendant. | § | |

## ORDER

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Rakestraw objects that he cannot exhaust his administrative remedies under the First Step Act because he is not being housed in a federal detention facility. To the extent he is seeking to challenge his pretrial detention in Dallas County jail awaiting trial on pending state charges, rather than seeking to modify his previously-imposed federal sentence, Rakestraw's claim may arise under 28 U.S.C. § 2254 or 42 U.S.C. § 1983. *See Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017) ("Both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983."). But Rakestraw specifically invoked

- 1 -

the First Step Act (18 U.S.C. § 3582) when he requested this Court modify his federal sentence and release him to home confinement. *See* Mot. 1 ("I would like to respectfully ask the court to release me on home confinement which has been put in place *under the First Step Act*[.]") (emphasis added). And 18 U.S.C. § 3582(c), even as amended by the First Step Act, grants a district court only limited authority to consider reducing a federal sentence. *United States v. Hegwood*, 934 F.3d 414, 417 (5th Cir. 2019). Among the limits imposed on the court's authority is the generally applicable requirement that a defendant seeking compassionate release based on "extraordinary and compelling reasons" must first petition the BOP and fully exhaust his administrative rights to appeal, or wait for 30 days to lapse from such a petition, before filing his motion in the district court. Rakestraw admits he has not petitioned the BOP for release. To the extent he now argues he cannot exhaust his administrative remedies because he is not in BOP custody, he is not entitled to relief under 18 U.S.C. § 3582(c). *Cf. United States v. Lee,* Case No. 3:07-CR-289-M-4 (N.D. Tex. Apr. 23, 2020) (granting emergency motion to reduce sentence under § 3582(c)(1)(A) despite failure to fully exhaust administrative remedies where defendant and his counsel had both asked the warden to release defendant to home detention, but deferring order to release defendant until the earlier of the date which is thirty days after defendant first requested that he be released from confinement or the date on which the BOP issues a decision on defendant's administrative request).

Moreover, even if the Court construes his motion as seeking relief under § 2254 or § 1983, Rakestraw is still not entitled to immediate release because he has not exhausted

his other available remedies. "A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) (quoting 28 U.S.C. § 2254(b)(1)(A)). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Additionally, the Prison Litigation Reform Act requires inmates to exhaust "such administrative remedies as are available" prior to bringing an action under § 1983. Rakestraw admits that he has not pursued any administrative or state remedies.

Therefore, his objection is overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Signed this \_\_1ST\_\_ day of \_\_May\_\_, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE